IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL A. FISHER, | § | |
| | § | |
| Petitioner, | § | |
| | § | Civil Action No. 3:10-CV-0925-D |
| VS. | § | (Criminal No. 3:04-CR-172-D) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## **ORDER**

After making an independent review of the pleadings, files, and records in this case, the June 7, 2012 findings and recommendation of the magistrate judge, and petitioner's objections, the court concludes that the findings and recommendation are correct. It is therefore ordered that the findings and recommendation of the magistrate judge are adopted.

Treating petitioner's letter request, filed June 27, 2012, as a motion requesting that he be substituted as *pro se*, the motion is granted. Because the court has considered petitioner's July 17, 2012 verified objections to the magistrate judge's June 7, 2012 findings and recommendation, and his July 25, 2012 objections to magistrate's June 7, 2012 order denying motions, the court denies as moot petitioner's request in the letter that the court extend the deadline for petitioner to file objections to the findings and recommendation.

Petitioner's July 17, 2012 motion to address issues of habeas corpus on merits according to mandate of Fifth Circuit's remand order, motion for judicial notice, motion to correct docket, motion for production of documents, motion to appoint *amicus curiae*, motion to appoint counsel, motion to appoint special investigator, and motion for the court to consider transferring case to the District

of Columbia are denied. Even if the court takes judicial notice, as petitioner requests, he has not shown that he is entitled to habeas corpus relief.

Petitioner's July 30, 2012 motion to supplement June 27, 2012 letter, motion to proceed *pro se*, and request for hearing are granted to the extent that the court permits petitioner to supplement his letter request, filed June 27, 2012. The motion is moot to the extent the court has already granted his June 27, 2012 request to be substituted *pro se*, and the motion and request are otherwise denied.

Petitioner's August 7, 2012 and August 8, 2012 verified motions to vacate 11-21-201[1] order pursuant to Fed. R. Civ. P. 60(b) denying unopposed summary judgment motion, or, in the alternative, consider unopposed motion re-filed as of 11-23-11, or, in the alternative, motion for leave to file revised motion for summary judgment for claims 1 & 2, and request for evidence hearing are denied.

Petitioner's August 14, 2012 verified motion for leave to file substitute reply/traverse to defendant/respondent's amended response and request for substitute reply/traverse to be considered timely filed is denied.

Petitioner's August 20, 2012 verified motion to vacate magistrate's 8-15-11 order and request for court to restore parties to pre order status is denied.

Petitioner's May 19, 2008 motion for habeas relief under 28 U.S.C. § 2255 is denied.

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court adopts and incorporates by reference the magistrate judge's June 7, 2012 findings and recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the

constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S.473, 484 (2000).

If petitioner files a notice of appeal,

( ) petitioner may proceed *in forma pauperis* on appeal.

(**X**) petitioner must pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED.**

October 17, 2012.

.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE